UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-01217-NCC |
| BRUCE WAYNE et al. and CLEMENT MOTORS, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Clint Phillips, III, a self-represented litigant with a history of repeatedly filing meritless litigation pro se and in forma pauperis, has filed a new Complaint and Application for leave to proceed in forma pauperis. The Court has reviewed the Application and will grant it. The Court has also conducted the required review of the Complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2). Because the Court is dismissing this case without further proceedings, the Court will deny as moot Plaintiff's motion seeking appointed counsel.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis and must dismiss it if, among other reasons, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that, "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the Complaint against Clement Motors and "Bruce Wayne, et al."  Doc. 1 at 1.  Plaintiff identifies Clement Motors as a car dealership located in Florissant, Missouri.  He provides no identifying information for Bruce Wayne, et al.  Plaintiff invokes this Court's federal

2

question jurisdiction and identifies the issues in this case as the Fair Credit Reporting Act (FCRA) and "a due process violation." *Id.* at 3.

Plaintiff sets forth his statement of claim in a handwritten document titled "Civil Rights Complaint Violation of Fair Credit Reporting Act." *Id.* at 6. He states that in "June or July 2025," he "received a pre-approval for an automobile loan from Clement Motors through Capitol One. Bruce Wayne ran my credit through another loan company against my contesting it." *Id.* Next, Plaintiff states that "this idiot had my information SS#, name, address, and DD214 in his phone, and used my information and ran my name/credit without my permission in an attempt to buy cars using my credit to buy cars that I did not want or <u>approve</u>," which Plaintiff characterizes as "identity theft and a violation of a variety of federal laws." *Id.* (emphasis in original). Plaintiff seeks injunctive relief, $700,000 in compensatory damages, and $9 million in punitive damages.

**Discussion**

Plaintiff cites the FCRA without attempting to identify the provision(s) the Defendants allegedly violated or clearly specify the type of FCRA claim he intends to bring. And his statement of claim is so unfocused and vague that the Court cannot discern a plausible FCRA claim without engaging in improper speculation. At best, Plaintiff offers the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal,* 556 U.S. at 678. Plaintiff also indicates he suffered a "due process violation," but his allegations do not state a plausible claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (noting the elements of a section 1983 claim). Plaintiff also accuses an unspecified person of committing identity theft,

3

but initiation of a federal criminal prosecution is not subject to judicial compulsion.  *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981).

The Court finds that the Complaint is frivolous and/or fails to state a claim upon which relief may be granted and will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).  The Court finds that there would be no non-frivolous argument to present on appeal and will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to proceed in forma pauperis, doc. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, doc. 3, is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of February 2026.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE